FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA MAY 13 2008

JAMES N. HATTEN, Clerk
By\_\_\_\_ Deputy Clerk

| | |
|---|---|
| ROBERT DRATWA, individually as sole beneficiary of Jean-Marie Dratwa and THE ESTATE OF JEAN-MARIE DRATWA, by and through ROBERT DRATWA, as the executor of the estate of Jean-Marie Dratwa<br><br>Plaintiffs,<br><br>v.<br><br>THE STANDARD INSURANCE COMPANY and FISHER & PHILLIPS, L.L.P.<br><br>Defendants. | Civil Action Number<br><br>**1:08-CV-1734**<br><br>**-MHS** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs, Robert Dratwa, individually, and The Estate of Jean-Marie Dratwa, by and through Robert Dratwa, as executor of the estate ("Plaintiffs"), through undersigned counsel, and files this complaint against Defendants The Standard Insurance Company ("Standard") and Fisher & Phillips, L.L.P. ("F&P"), (collectively "Defendants") as follows:

### A. PARTIES

1.

Plaintiff Robert Dratwa is the widow of, sole beneficiary of the policy issued to, and executor of the Estate of Jean-Marie Dratwa, his deceased wife, a qualified participant Fisher & Phillips, L.L.P. Group Policy Plan.

2.

Upon information and belief, Defendant Standard is an insurance provider and entity organized under the laws of the State of Oregon, but is licensed to do business in Georgia and may be served via its registered agent, Dale W. Morris, CT Corporation, 1201 Peachtree Street, Atlanta, Georgia 30066.

3.

Upon information and belief, F & P is an entity organized under the laws of the State of Georgia and may be served via its registered agent, Roger Quillen, at 1500 Resurgens Plaza, 945 East Paces Ferry Road, Atlanta, Georgia 30326.

### B. JURISDICTION AND VENUE

4.

This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5.

Venue is proper in this Court based on the residence of Defendant F & P in the Northern District of Georgia.

## C.   ALLEGATIONS

6.

Ms. Jean-Marie Dratwa applied for Additional Life Insurance Coverage at two times her annual earning during the 2007 benefit enrollment period.

7.

Ms. Dratwa submitted monthly premiums totaling $234.91 over several months up to and including July, 2007 for additional life insurance of $51,000, which under the terms of the plan, was to be rounded up to $60,000 total benefit.

8.

On July 21, 2007, Ms. Dratwa died, triggering the provisions of this policy, and mandating payment to her sole designated beneficiary, her husband, Robert Dratwa.

9.

At no time prior to her death did either F&P as administrator of her plan or Standard, the insurer ever indicate that coverage was not in effect. In

fact, the parties processed and accepted payments from Mrs. Dratwa for this coverage.

10.

Pursuant to the belief that Mrs. Dratwa was covered, she continued to make payments on the plan until her death in July, 2007.

11.

After Mrs. Dratwa's untimely passing, Dr. Dratwa sought to recover the benefits owed on the plan which Defendants accepted and processed the premiums paid.

12.

Based upon Defendants omissions regarding later claims of an absence of coverage, Mrs. Dratwa continued to pay premiums and did not pursue other avenues of life insurance.

13.

Only after the death of Ms. Dratwa and after a claim for benefits was filed, did Defendant Standard attempt to claim that no benefits were due because the administrator of the policy, F & P, failed to properly administer the plan and had never requested that Ms. Dratwa to forward certain paperwork. Defendants have failed and refused to pay the benefits owed.

## COUNT ONE

14.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

15.

Defendant Standard offered an Additional Life Insurance policy, which was accepted and paid for by Mrs. Dratwa, with Dr. Dratwa listed as the sole beneficiary.

16.

Defendant Standard accepted payments of premiums for this plan up through the time of Mrs. Dratwa's death.

17.

Mrs. Dratwa and Dr. Dratwa fulfilled all of their material obligations under the Agreement.

18.

However, after accepting premiums for months, Defendant Standard subsequent to Mrs. Dratwa's death stated that certain paperwork, which it never requested during the entire period it was accepting premiums, was not submitted and refused to pay benefits as required under the Plan.

19.

Plaintiff Dr. Dratwa, as the sole beneficiary under the Plan, should have been paid $60,000 in benefits that should have been paid under the Plan.

20.

Defendant Standard erroneously denied Plaintiff's claim for benefits.

21.

The denial of Plaintiff's claim for benefits was unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, and in violation of ERISA.

22.

Plaintiff submitted a timely notice of appeal and took all measures necessary to exhaust his administrative remedies under the Plan. To the extent that Plaintiff was in any way unsuccessful in this regard, performance has been made impossible and futile due to Defendants' acts and omissions.

23.

Defendants have failed to provide Plaintiff with the opportunity for a full and fair review of his claim in violation of 29 U.S.C. § 1133.

24.

In addition to benefits owed, Plaintiff is entitled to recover his reasonable attorney's fees and costs of an action pursuant to 29 U.S.C. § 1132.

COUNT TWO

25.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

26.

Defendants made a certain promise or promises, namely that Mrs. Dratwa would be covered under an Additional Life Insurance in exchange for premiums, which were paid, and that in the event of her death that Dr. Dratwa would be entitled to receive Additional Life Benefits of $60,000.

27.

Defendants expected or should have reasonably expected Dr. Dratwa and Mrs. Dratwa and to rely on such promise or promises.

28.

Dr. Dratwa and Mrs. Dratwa did, in fact, rely on such promise or promises to their detriment and remitted monthly premiums.

29.

An injustice can be avoided only by the enforcement of the promise, because the Dratwas surrendered valuable rights, including, but not limited to, premiums paid and the opportunity to seek other life insurance arrangements.

30.

As a direct and proximate result of Defendants' breach of their promise, the Plaintiff suffered substantial damages, including, but not limited to, the loss of benefits, interest and legal fees.

31.

Defendants are liable for these damages, in an amount to be proven at trial.

COUNT THREE

32.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

33.

Defendants represented that coverage would be available in exchange for premium payments and failed to provide any information indicating that coverage was contingent on any further acts by Dr. Dratwa or Mrs. Dratwa,

34.

These statements were material and false and Defendant knew or should have known that the statements were false. Additionally, Defendant was aware or should have been aware of the nature and importance of the material omissions.

35.

Defendant made these statements and omissions to induce the continued payment of premiums.

36.

Dr. Dratwa and Mrs. Dratwa reasonably relied on these statements.

37.

Dr. and Mrs. Dratwa would not have paid premiums and would have arranged for different life insurance coverage had they known of the falsity of Defendants' representations and/or of the material omissions of Defendants.

38.

As a direct and proximate result of Defendant' fraud, Plaintiffs suffered substantial damages, including, but not limited to, the loss of benefits, the ability to secure other coverage, interest and attorney's fees.

39.

Defendants are liable for these damages, in an amount to be proven at trial.

40.

Defendants' conduct exhibited willful misconduct, malice fraud, wantonness and/or that entire want of care which would raise the presumption of conscious indifference to the consequences.

41.

Defendants are therefore liable for punitive damages.

## COUNT FOUR

42.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

43.

Defendant F & P administered the policy which was offered as a benefit to induce continued employment. Defendants accepted premiums, which were remitted to Standard in exchange for the promise of certain benefits.

44.

Defendant Standard received the entire amount paid by Dr. Dratwa and Mrs. Dratwa for all premiums owed. Defendant F & P received employment services from Mrs. Dratwa, partially in consideration for benefits promised, including the life insurance at issue.

45.

Defendants supplied information to Dr. Dratwa and Mrs. Dratwa during the course of business, including, but not limited to information about the status of the policy, requirements for coverage and coverage status.

46.

Defendants supplied information to Dr. Dratwa and Mrs. Dratwa in a transaction in which they had a pecuniary interest.

47.

Defendants had a duty of reasonable care and competence to the Dratwas, who reasonably relied upon the information and would have not paid premiums and sought different insurance coverage had they been aware of Defendants' misrepresentations.

48.

Defendants were manifestly aware of the use to which the information was to be put and intended that it be so used.

49.

Defendants breached their duty by failing to use reasonable care in providing information to the Dratwas about the status of coverage and any additional requirements.

50.

This breach was the proximate cause of the injuries sustained by the Dratwas.

51.

As a direct and proximate result of Defendants' misrepresentations, Plaintiff suffered substantial damages, including, but not limited to, the Plaintiffs suffered substantial damages, including, but not limited to, the loss of benefits, the ability to secure other coverage, interest and attorney's fees.

52.

Defendants are liable for these damages, in an amount to be proven at trial.

53.

Defendants' conduct exhibited willful misconduct, malice fraud, wantonness and/or that entire want of care which would raise the presumption of conscious indifference to the consequences.

54.

Defendants are therefore liable for punitive damages.

WHEREFORE, Plaintiff requests that this Court:

(a) that this Court grant Plaintiff a judgment against Defendants, for promissory estoppel for damages in an amount to be proven at trial;

(b) that this Court grant Plaintiff a judgment against Defendants for violation of ERISA, for damages in an amount to be proven at trial;

(c) that this Court grant Plaintiff a judgment against Defendants, for fraud for damages in an amount to be proven at trial;

(d) that this Court grant Plaintiff a judgment against Defendants, for negligent misrepresentation for damages in an amount to be proven at trial;

(e) that this Court award all costs and fees to Defendants, including attorney's fees;

(f) that this Court award punitive damages to Plaintiff and against Defendants;

(g) that this Court award pre-judgment interest;

(h) that this Court award post-judgment interest; and

(i) that this Court grant Defendant such other and further relief as it deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 13th day of May, 2008

*/s/ W. Anthony Collins Jr.*

Daniel J. Hoppe Jr.
Georgia Bar No. 366746
W. Anthony Collins Jr.
Georgia Bar No. 141712
Attorney for Defendant

HOPPE, COLLINS & OJEDA
2018 Powers Ferry Road
Suite 800
Atlanta, Georgia 30339
(678) 370-0071