## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ROBERT DRATWA, individually as sole beneficiary of Jean-Marie Dratwa and THE ESTATE OF JEAN-MARIE DRATWA, by and through ROBERT DRATWA, as the administrator of the estate of Jean-Marie Dratwa | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C/A No: 1:08-cv-1734 |
| THE STANDARD INSURANCE COMPANY and FISHER & PHILLIPS, L.L.P. | ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs, Robert Dratwa, individually, and The Estate of Jean-Marie Dratwa, by and through Robert Dratwa, as administrator of the estate ("Plaintiffs"), through undersigned counsel, and files this amended complaint against Defendants The Standard Insurance Company ("Standard") and Fisher & Phillips, L.L.P. ("F&P"), (collectively "Defendants") as follows:

## A.    PARTIES

### 1.

Plaintiff Robert Dratwa is the widow of, sole beneficiary of the policy issued to, and administrator of the Estate of Jean-Marie Dratwa, his deceased wife, a qualified participant Fisher & Phillips, L.L.P. Group Policy Plan.

### 2.

Upon information and belief, Defendant Standard is an insurance provider and entity organized under the laws of the State of Oregon, but is licensed to do business in Georgia and may be served via its registered agent, Dale W. Morris, CT Corporation, 1201 Peachtree Street, Atlanta, Georgia 30066.

### 3.

Upon information and belief, F & P is an entity organized under the laws of the State of Georgia and may be served via its registered agent, Roger Quillen, at 1500 Resurgens Plaza, 945 East Paces Ferry Road, Atlanta, Georgia 30326.

## B.    JURISDICTION AND VENUE

### 4.

This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5.

Venue is proper in this Court based on the residence of Defendant F &
P in the Northern District of Georgia.

## C. ALLEGATIONS

6.

Ms. Jean-Marie Dratwa applied for Additional Life Insurance
Coverage at two times her annual earning during the 2007 benefit enrollment
period.

7.

Ms. Dratwa submitted monthly premiums totaling $234.91 over
several months up to and including July, 2007 for additional life insurance of
$51,000, which under the terms of the plan, was to be rounded up to $60,000
total benefit.

8.

On July 21, 2007, Ms. Dratwa died, triggering the provisions of this
policy, and mandating payment to her sole designated beneficiary, her
husband, Robert Dratwa.

9.

At no time prior to her death did either F&P as administrator of her
plan or Standard, the insurer ever indicate that coverage was not in effect. In

fact, the parties processed and accepted payments from Mrs. Dratwa for this coverage. This was conduct amounting to a representation of material fact regarding the existence of coverage. As the administrator and insurer, Defendants were aware of the true and accurate facts regarding coverage and any alleged requirements.

10.

Pursuant to the belief that Mrs. Dratwa was covered, she continued to make payments on the plan until her death in July, 2007.

11.

After Mrs. Dratwa's untimely passing, Dr. Dratwa sought to recover the benefits owed on the plan which Defendants accepted and processed the premiums paid. Defendants had an intention that the conduct and representations be acted on and their conduct toward Mrs. Dratwa was such that she had a right to believe that the Defendant's conduct was so intended.

12.

Ms. Dratwa was unaware at all times that either Defendant believed that there was not the represented coverage or that there were any other conditions necessary on her part to obtain the represented coverage. Based upon Defendants omissions regarding later claims of an absence of coverage, Mrs. Dratwa detrimentally and justifiably relied on the

representations of coverage, continued to pay premiums and did not pursue other avenues of life insurance.

13.

Only after the death of Ms. Dratwa and after a claim for benefits was filed, did Defendant Standard attempt to claim that no benefits were due because the administrator of the policy, F & P, failed to properly administer the plan and had never requested that Ms. Dratwa to forward certain paperwork. Defendants have failed and refused to pay the benefits owed.

COUNT ONE

14.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

15.

Defendant Standard offered an Additional Life Insurance policy, which was accepted and paid for by Mrs. Dratwa, with Dr. Dratwa listed as the sole beneficiary.

16.

Defendant Standard accepted payments of premiums for this plan up through the time of Mrs. Dratwa's death.

17.

Mrs. Dratwa and Dr. Dratwa fulfilled all of their material obligations under the Agreement.

18.

However, after accepting premiums for months, Defendant Standard subsequent to Mrs. Dratwa's death stated that certain paperwork, which it never requested during the entire period it was accepting premiums, was not submitted and refused to pay benefits as required under the Plan.

19.

Plaintiff Dr. Dratwa, as the sole beneficiary under the Plan, should have been paid an additional $60,000 in benefits that should have been paid under the Plan.

20.

Defendant Standard erroneously denied Plaintiff's claim for benefits.

21.

Defendant owed an unwavering duty to make decisions with single-minded devotion to the plan's participants and beneficiaries and to the Dratwas. Defendant breached this duty and the denial of Plaintiff's claim for benefits was unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, and in violation of ERISA.

22.

Plaintiff submitted a timely notice of appeal and took all measures necessary to exhaust his administrative remedies under the Plan. To the extent that Plaintiff was in any way unsuccessful in this regard, performance has been made impossible and futile due to Defendants' acts and omissions.

23.

Defendants have failed to provide Plaintiff with the opportunity for a full and fair review of his claim in violation of 29 U.S.C. § 1133.

24.

In addition to benefits owed, Plaintiff is entitled to recover his reasonable attorney's fees and costs of an action pursuant to 29 U.S.C. § 1132.

COUNT TWO

25.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

26.

At no time prior to her death did either F&P as administrator of her plan or Standard, the insurer ever indicate that coverage was not in effect. In fact, the parties processed and accepted payments from Mrs. Dratwa for this

coverage. This was conduct amounting to a representation of material fact
regarding the existence of coverage. As the administrator and insurer,
Defendants were aware of the true and accurate facts regarding coverage and
any alleged requirements.

27.

Pursuant to the belief that Mrs. Dratwa was covered, she continued to
make payments on the plan until her death in July, 2007.

28.

After Mrs. Dratwa's untimely passing, Dr. Dratwa sought to recover
the benefits owed on the plan which Defendants accepted and processed the
premiums paid.     Defendants had an intention that the conduct and
representations be acted on and their conduct toward Mrs. Dratwa was such
that she had a right to believe that the Defendant's conduct was so intended.

29.

Ms. Dratwa was unaware at all times that either Defendant believed
that there was not the represented coverage or that there were any other
conditions necessary on her part to obtain the represented coverage. Based
upon Defendants omissions regarding later claims of an absence of
coverage, Mrs. Dratwa detrimentally and justifiably relied on the

representations of coverage, continued to pay premiums and did not pursue other avenues of life insurance.

30.

As a result of the above listed conduct, Defendants are equitably estopped from denying that coverage existed or that Plaintiff is entitled to recover the benefits under the policy.

## COUNT THREE

31.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

32.

Defendants made a certain promise or promises, namely that Mrs. Dratwa would be covered under an Additional Life Insurance in exchange for premiums, which were paid, and that in the event of her death that Dr. Dratwa would be entitled to receive Additional Life Benefits of $60,000. Defendant F & P further made an express promise of coverage and deducted the premiums from Mrs. Dratwa's paychecks as an inducement for her continued employment and services.

33.

Defendants expected or should have reasonably expected Dr. Dratwa and Mrs. Dratwa and to rely on such promise or promises.

34.

Dr. Dratwa and Mrs. Dratwa did, in fact, rely on such promise or promises to their detriment, remitted monthly premiums and did not pursue additional life insurance in other forums.

35.

An injustice can be avoided only by the enforcement of the promise, because the Dratwas relied upon this promise, Mrs. Dratwa continued to provide services for her employer F & P, and the Dratwas surrendered valuable rights, including, but not limited to, premiums paid and the opportunity to seek other life insurance arrangements.

36.

As a direct and proximate result of Defendants' breach of their promise, the Plaintiff suffered substantial damages, including, but not limited to, the loss of benefits, interest and legal fees.

37.

Defendants are liable for these damages, in an amount to be proven at trial.

## COUNT FOUR

### 38.

The allegations of the preceding paragraphs are repeated and incorporated herein as if set out in full.

### 39.

Defendant F & P administered the policy which was offered as a benefit to induce continued employment. Defendants accepted premiums, which were remitted to Standard in exchange for the promise of certain benefits. Defendants, as the insurer and employer, had full knowledge of the plan requirements and whether they were met.

### 40.

Defendant Standard received the entire amount paid by Dr. Dratwa and Mrs. Dratwa for all premiums owed. Defendant F & P received employment services from Mrs. Dratwa, partially in consideration for benefits promised, including the life insurance at issue.

### 41.

Defendants supplied information to Dr. Dratwa and Mrs. Dratwa during the course of business, including, but not limited to information about the status of the policy, requirements for coverage and coverage status. These statements were misleading communications to a plan participants

regarding plan administration, including, eligibility under a plan and the extent of benefits under a plan and therefore support a claim for breach of fiduciary duty.

42.

Defendants had a duty of reasonable care and competence, a duty of loyalty, and an unwavering duty on Defendants to make decisions with single-minded devotion to the plan's participants and beneficiaries and to the Dratwas. Defendants, as fiduciaries as defined under federal law, breached their duties by materially misleading the Dratwas, regardless of whether the fiduciary's statements or omissions were made negligently or intentionally. Defendants' misrepresentations were material since there was a substantial likelihood that it would mislead a reasonable employee and did mislead Mrs. Dratwa, in making an adequately informed decision in pursuing benefits to which she was and could have been entitled.

43.

The Dratwas reasonably relied upon the materially misleading statements and conduct by Defendants and would have not paid premiums and sought different insurance coverage had they been aware of Defendants' misrepresentations.

44.

Defendants were manifestly aware of the information at issue, the use to which the information was to be put and intended that it be so used.

45.

Defendants breached their fiduciary duties by failing to inform the Dratwas of the incorrect nature of misleading material communications, of which they had knowledge. Furthermore, Defendants also breached their duty to use reasonable care in providing information to the Dratwas about the status of coverage and any additional requirements.

46.

Defendants' breach of fiduciary duty was the proximate cause of the injuries sustained by the Dratwas.

47.

As a direct and proximate result of Defendants' breach, Plaintiff suffered substantial damages, including, but not limited to, the loss of benefits, the ability to secure other coverage, interest and attorney's fees.

48.

Defendants are liable for these damages, in an amount to be proven at trial.

49.

Defendants' conduct exhibited willful misconduct, malice fraud, wantonness and/or that entire want of care which would raise the presumption of conscious indifference to the consequences.

50.

Defendants are therefore liable for punitive damages.

WHEREFORE, Plaintiff requests that this Court:

(a)     that this Court grant Plaintiff a judgment against Defendants for violation of ERISA, for damages in an amount to be proven at trial;

(b)     that this Court hold that Defendants are equitably estopped from denying coverage and grant Plaintiff a judgment against Defendants for benefits under the plain for damages in an amount to be proven at trial;

(c)     that this Court grant Plaintiff a judgment against Defendants, for promissory estoppel for damages in an amount to be proven at trial;

(d)     that this Court grant Plaintiff a judgment against Defendants, for breach of fiduciary duty;

(e)     that this Court award all costs and fees to Defendants, including

        attorney's fees;

(f)     that this Court award punitive damages to Plaintiff and against

        Defendants;

(g)     that this Court award pre-judgment interest;

(h)     that this Court award post-judgment interest; and

(i)     that this Court grant Defendant such other and further relief as

        it deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 19th day of June, 2008

Daniel J. Hoppe Jr.
Georgia Bar No. 366746
W. Anthony Collins Jr.
Georgia Bar No. 141712
Attorneys for Plaintiff

2018 Powers Ferry Road
Suite 800
Atlanta, Georgia 30339
(678) 370-0071